17-977-cv
Berry-Mayes v. New York City Health and Hosps. Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

-----------------------------------------------------------------------

WANNA BERRY-MAYES, as administrator of the estate of Andre Berry,

       *Plaintiff-Appellant*,

       v.             No. 17-977-cv

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,

       *Defendant-Appellee*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:    ANDREW ROZYNSKI, Eisenberg & Baum, LLP, New York, New York.

APPEARING FOR APPELLEE:    ELIZABETH I. FREEDMAN (Claude S. Platton, *on the brief*), *on behalf of* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 19, 2016, is AFFIRMED.

Plaintiff Wanna Berry-Mayes appeals from an award of summary judgment dismissing this action on behalf of the estate of her deceased uncle, Andre Berry, against the New York City Health and Hospitals Corporation ("HHC"), for violations of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act ("Rehab Act"), *see* 29 U.S.C. § 794, as well as state and municipal human rights laws, *see* N.Y. Exec. Law § 290 *et seq.*; N.Y.C. Admin. Code § 8-101 *et seq.* Berry-Mayes alleges that staff at two HHC facilities, Lincoln and Jacobi Hospitals, failed to provide Andre Berry, who was deaf and suffering from end-stage renal disease, diabetes, hypertension, and HIV, with reasonable accommodations necessary to ensure effective communication concerning his care.

In granting summary judgment to HHC, the district court concluded that HHC had adduced convincing evidence of reasonable accommodation, as to which Berry-Mayes failed to raise a genuine issue of fact. The district court further concluded that Berry-Mayes had failed to raise an issue of deliberate indifference necessary for compensatory damages and, in any event, was not entitled to a declaratory judgment. Finally, the court declined to exercise supplemental jurisdiction over the state and municipal claims.

2

On appeal, Berry-Mayes does not challenge the district court's adverse declaratory judgment ruling, thereby abandoning any argument she might have as to such relief. *See Higazy v. Templeton*, 505 F.3d 161, 168 n.7 (2d Cir. 2007) ("An argument or an issue that is not raised in the appellate brief may be considered abandoned."). She argues only that she produced evidence sufficient to raise genuine disputes as to reasonable accommodation and deliberate indifference. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for lack of evidence of deliberate indifference.

The parties agree that to recover compensatory damages, Barry-Mayes must demonstrate that HHC acted with deliberate indifference to Andre Berry's federally protected rights. *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009). [1] A defendant acts with deliberate indifference when it (1) "ha[s] actual knowledge of discrimination against" the disabled person, (2) "ha[s] authority to correct the discrimination," and (3) "fail[s] to respond adequately." *Id.* at 276. Although deliberate indifference does not require proof of "personal animosity or ill will," *id.* at 275, as the phrase suggests, the evidence must show "deliberate choice[,] rather than negligence or bureaucratic inaction," *id.* at 276. In *Loeffler*, we identified a triable issue of deliberate indifference from evidence that a hospital ignored, and, in some instances,

---

[1] Although a member of the panel raised the question of nominal damages at oral argument, the record shows that Berry-Mayes never requested nominal damages in opposing summary judgment in the district court or in seeking relief on appeal. We, therefore, deem such an argument forfeited and here consider only whether Berry-Mayes sufficiently demonstrated the deliberate indifference necessary for compensatory damages.

3

"laughed off" numerous requests over an eleven-day period to provide a sign-language interpreter for a deaf patient. *Id.*

That is not this case. The record shows that notices of free sign-language interpretation services were posted throughout the hospitals' common areas and patient units, as well as in the patient handbook. More to the point, Andre Berry was provided with a sign-language interpreter on no fewer than fourteen occasions. As for times when he was not, hospital staff thoroughly and meticulously documented Andre Berry's communication abilities. Although the parties dispute the extent to which Andre Berry could communicate by reading lips or using his hearing aid, it is undisputed that he had at least *some* ability to communicate other than through sign language. Indeed, although neither Berry-Mayes nor her mother Denise Berry knew sign language, both women communicated with Andre Berry verbally and through gestures. Moreover, when Denise Berry requested an interpreter on October 23, 2013, the hospital provided one, who worked with Andre Berry for three hours, despite his express refusal of interpreter services earlier that same day. Hospital records further indicate that an interpreter translated for Andre Berry twice on the following day, October 24, as well as on October 26, 27, and 28.

This record is so distinguishable from that in *Loeffler* that, even if federal law demands greater accommodation, there is no evidentiary basis for finding that the failure to provide that accommodation here was based on HHC's deliberate indifference to Andre Berry's needs.

Accordingly, the district court correctly concluded that Berry-Mayes could not succeed on a claim for compensatory damages. That being the only relief at issue on this appeal, we need not decide whether the challenged judgment is further supported by the lack of a triable issue as to reasonable accommodation.

We have considered Berry-Mayes's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court